**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE: AVA MAUREEN SAWYER                              Case No. 04-39378-DOT
      Chapter 13 *Pro se* Debtor

### MEMORANDUM OPINION

Hearing was held April 20, 2005, on various matters, including motions to dismiss the case filed by Dean S. Worcester and Robert E. Hyman, chapter 13 trustee. At the conclusion of hearing, the court took ruling under advisement. On May 31, 2005, debtor filed a brief in support of her position.

For reasons stated in this opinion, the case will be dismissed.

Facts.

PROCEDURAL HISTORY

Debtor Ava Maureen Sawyer, *pro se*, filed this chapter 13 case on October 7, 2004. After the court granted two motions to extend time to file papers in the case, debtor filed her initial chapter 13 plan on January 5, 2005, and filed amended schedules, statements and lists on January 20, 2005. An amended plan and amended schedules, statements and lists were filed on February 2, 2005.

Subsequently, three objections to confirmation were filed, including an objection by the trustee. Additionally, motions to dismiss the case were filed by the trustee and by Dean S. Worcester, a creditor. Hearing on the objections to confirmation and the motions to dismiss was held on February 16, 2005, at which time the court continued the hearing and allowed debtor additional time to hire an attorney.

Continued hearing on the objections to confirmation and motions to dismiss was held on March 2, 2005. The court sustained objections to all plans filed through March 2 and continued

hearing on the motions to dismiss. Debtor filed an amended plan on April 4, to which Dean S. Worcester filed a corrected objection on April 15.

Hearing on Worcester's confirmation objection and the motions to dismiss filed by Worcester and the trustee was held on April 20, 2005. The court heard argument and took ruling under advisement. On April 28 and May 4, 2005, respectively, objections to confirmation of debtor's amended plan filed April 4, 2005, were filed by the Estate of Preston E. Conner, Sr., and the Internal Revenue Service.

JUDGMENT CLAIMS AGAINST DEBTOR

Dean S. Worcester filed a proof of claim in debtor's case based upon a judgment he holds against debtor that was entered by the Circuit Court of Frederick County, Virginia, on August 26, 1994, in Chancery Cause No. 93-149, <u>Preston E. Conner, Sr., v. Ava M. Sawyer and Dean S. Worcester</u>. The judgment was in the original amount of $62,000.00 plus interest. Worcester's total claim, including interest, is $120,084.36. This is a final judgment and constitutes a lien on debtor's residential real property located in Reston, Fairfax County, Virginia.

Debtor, on behalf of the Estate of Preston E. Conner, Sr., filed a proof of claim based on a judgment against debtor entered August 26, 1994, by the Circuit Court of Frederick County in the same cause shown in the preceding paragraph. The claim is in the amount of "approximately $28,000.00," representing judgment of $15,000.00 plus interest. This is a final judgment and constitutes a lien on debtor's real property in Reston, Virginia.

Debtor has filed objections to these two claims and has also filed objections to all other claims filed in her case.

<u>Debtor's Schedules and Chapter 13 Plan.</u>

SCHEDULES

Debtor filed amended schedules, statements and lists on February 15, 2005. In summary, she listed assets of $654,390.73, liabilities of $194,056.79, monthly income of $1,303.00, and monthly expenses of $1,195.00. (In her previous schedules, she listed no current income.) She listed in schedule A, real property, a townhouse located in Reston, Virginia, with a fair market value of $358,000.00. Under secured claims, schedule D, she listed the judgment claims of Dean S. Worcester and Estate of Preston E. Conner, Sr., in the respective amounts of $147,790.00 and $28,632.00. In schedule E, she listed as unsecured priority claims amounts owed for income taxes to the State of Virginia and the Internal Revenue Service. The judgment claims and the tax claims were shown as "disputed."

PLAN

Debtor's second amended plan, dated April 4, 2005, is the plan presently before the court. In summary, the plan proposes to pay to the trustee $2,500.00 each month for 60 months for a total of $150,000.00. The plan states debtor owes total unsecured debt of $3,700.00 and no secured debt. The $3,700.00 shown is apparently tax debt owed to Fairfax County, Virginia, where her residence is located; however, on another page the plan states this tax has been paid. Under paragraph B-5, creditors with claims secured by debtor's principal residence, debtor lists the judgment claims of Worcester and Estate of Conner.

Under paragraph B-6, liens to be avoided, debtor lists in sub-paragraph c. the judgment claims of Worcester and Estate of Conner. The basis for avoidance is stated to be that the judgments were "void ab initio." Debtor has attached to the plan filed with the court a notice that includes "Motion To Avoid Certain Liens," which states that she proposes to avoid the Worcester and Conner judgments. The attached notice also states that debtor proposes to value

3

the claims of all other creditors listed in her schedules at "zero."[1]

Included with debtor's amended plan is an attachment page that explains debtor's plan. Her explanation is plainly at variance with the earlier plan provision that debtor will pay the trustee $2,500.00 per month for 60 months. The attachment makes clear that debtor intends for the court to deny all claims against her; thus no payment would be made to creditors. She states that the two judgments against her are void. Essentially, debtor contends that the circuit judge was without jurisdiction to enter the judgments against her and that she was denied due process.[2]

To the extent that the court does not disallow claims, debtor states that she will pay any unsecured claims out of earned income or "a sizable I.R.A. account" that exceeds all unsecured debt. If the court does not disallow the judgment claims that are secured by debtor's real property, debtor will either pay these claims by selling her residence or by taking out a mortgage loan. Debtor notes that the value of her home is more than double the amount of the judgments.

Objections to Confirmation and Motions to Dismiss.

OBJECTIONS TO CONFIRMATION

Debtor's amended plan filed on April 4, 2005, is her third plan. Most of the creditors in the case and the chapter 13 trustee filed objections to her previous plans. Three objections have been filed to the present amended plan. The current objection of Dean S. Worcester is representative of present and previous objections. It states in summary that 1) at the time she filed the case debtor had no regular income from employment and during the two years prior to filing she had less than $4,500.00 of income; thus debtor does not qualify for chapter 13 because

---

[1] Debtor has filed objections to all filed proofs of claim.

[2] Elaboration of debtor's position on the invalidity of the judgments is contained in her filed objections to the Worcester and Conner Estate proofs of claim and in her brief.

she does not have regular income; 2) the plan is not feasible and does not comply with requirements of Bankruptcy Code § 1325; 3) the "case has not been filed with any reasonable expectation of filing a confirmable plan, and therefore this case has not been filed in good faith." Worcester also objects because the plan "seeks to avoid the judgment lien that secures Worcester's claim on the basis that any such avoidance effort lacks merit . . . ." An objection similar to Worcester's was filed by the Conner Estate on April 28, 2005. In addition to these objections, the Internal Revenue Service filed an objection on May 4, which notes that debtor has failed to file Federal income tax returns for the years 1998 through 2003.

MOTIONS TO DISMISS

On January 25, 2005, the chapter 13 trustee filed an objection to confirmation (of debtor's initial plan filed January 5) and a motion to dismiss the case. The trustee noted that 1) debtor's plan proposed to pay $3,000.00 per month but stated no number of months, 2) no payments had been made to date, 3) debtor testified at the § 341 meeting that she had no regular income, and 4) debtor had failed to propose a confirmable plan in the almost four months the case had been pending.

Dean S. Worcester filed a motion to dismiss the case on February 1, 2005, raising issues similar to those raised by the trustee and arguing that the case was not filed in good faith. Worcester's motion notes that on May 11, 2003, the Fairfax County, Virginia, Circuit Court entered a decree of sale "directing the sale of Ms. Sawyer's property . . . in order to satisfy Worcester's claim against Ms. Sawyer in the amount of $62,000 plus interest." The sale was stopped by debtor's filing this bankruptcy case on October 7, 2004.

<u>Discussion and Conclusions of Law.</u>

The trustee and judgment creditors Worcester and Conner Estate move to dismiss

debtor's chapter 13 case on what amounts to grounds of bad faith.

Although Code § 1325(a) includes as a requirement for confirmation of a plan that "the plan has been proposed in good faith," there is no specific requirement in the chapter 13 Code provisions that a case be filed in good faith. Nevertheless, courts have applied a standard of good faith to chapter 13 case filings under § 1307(c) that authorizes the court to convert a chapter 13 case to a chapter 7 or to dismiss the case "in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1307(c).[3] See, Kestell v. Kestell (In re Kestell), 99 F.3d 146, 148 (4th Cir. 1996); In re Lilley, 91 F.3d 491, 496 (3d Cir. 1996); Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994); Gier v. Farmers State Bank (In re Gier), 986 F.2d 1326, 1329 (10th Cir. 1993); Matter of Love, 957 F.2d 1350 (7th Cir. 1992).

Thus courts have determined good faith under both § 1307(c) and § 1323(a) using a comparable "totality of circumstances test" for both sections. Eisen v. Curry, 14 F.3d at 470; Matter of Love, 957 F.2d at 1354. However, it has been suggested that the dismissal of a case should require a higher standard of proof of bad faith than the denial of confirmation of the debtor's chapter 13 plan. Matter of Love, 957 F.2d at 1357 (the burden of proof for dismissal

---

[3](c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including --
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees and charges required under chapter 123 of title 28;
    (3) failure to file a plan timely under section 1321 of this title;
    (4) failure to commence making timely payments under section 1326 of this title;

                    . . .
11 U.S.C. § 1307(c)

rests with the movant).[4]

Accordingly, the determination that a debtor's chapter 13 case is not filed in good faith may constitute cause for the court to dismiss the case pursuant to § 1307(c). 8 Collier On Bankruptcy ¶ 1307.04[10] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2004). In summary, a debtor who files a chapter 13 case or proposes a plan not in good faith is not entitled to the benefits of chapter 13.[5]

With respect to this case, the court first notes that debtor's second amended chapter 13 plan dated April 4, 2005, is not confirmable, even aside from issues of bad faith. The provisions of debtor's plan are symptomatic of her case. The plan cannot be confirmed because it is internally inconsistent. It proposes to pay $2,500.00 per month for 60 months commencing May 2. However, debtor's schedules I and J filed with the plan reveal that she does not have regular income sufficient to pay $2,500.00 per month. She has available net monthly income of just over $100.00 to apply to the plan.[6] Debtor attempts to explain the inconsistencies in her plan in a lengthy plan attachment in which she reveals that, in fact, she proposes to pay creditors nothing because of her desire to have the court deny all claims in her case.

The crux of debtor's plan and her chapter 13 case is her desire to have the court invalidate the two judgments entered against her in 1994 by the Frederick County, Virginia, Circuit Court.

---

[4] The burden of proof for good faith in plan confirmation rests with the debtor. In re Harrison, 203 B.R. 253, 255 (Bankr. E.D. Va. 1996).

[5] Courts tend to use the terms, "not filed in good faith" and "filed in bad faith" interchangeably.

[6] In schedule J, debtor states that she will pay $300.00 per month and that any difference between her net earnings and this amount will be paid from her I..R.A.

Debtor has acknowledged during a hearing before the court that she cannot collaterally attack a final state court judgment in this court. However, she contends that the court should determine the judgments to be void ab initio due to the state court's lack of jurisdiction over her. She has sought to justify her position in several pleadings filed in this case. The essence of her argument is that the state court erred in granting monetary judgments against her because the court did not have subject matter jurisdiction to enter the judgments.

No party to the current controversy has submitted a comprehensive account of the full proceedings in Frederick County Circuit Court. Further, there is no way this court could make a definitive ruling on debtor's argument, or even fully understand it, without a full record of the proceedings in the Frederick County Circuit Court.

Almost six weeks after the hearing of April 20, debtor submitted a lengthy document that includes a supplemental statement of facts, copies of selective documents and legal argument. Her brief does not include copies of the record in the state court equity proceeding. Rather, her factual statement presents a one-sided view of the circumstances with selected portions of the documents that might support her position. Unfortunately, her prose is rambling and hard to follow; much of it has no bearing on the issue of the validity of the judgments in question. Such a document is an imposition on the court rather than assistance in resolving the issues.

This court's summary of events in the state court is derived from statements in various papers filed in the bankruptcy case, primarily debtor's brief and the circuit court decree in which the sum of $62,000.00 was awarded to Worcester. These sources cannot be fully reconciled.

According to statements in debtor's brief, debtor and Worcester in 1990 agreed to represent Preston W. Conner, Sr., in a prospective fraud suit for rescission of a series of real estate contracts to which Conner was a party. Their representation was to be on a contingency

fee basis, and a fee agreement was executed to this effect. The litigation was settled for an amount of $695,000.00, following which Conner paid over to debtor the sum of $134,176.53, representing the full contingency fee due under the fee agreement. Subsequently, the attorneys had a disagreement with Conner due to his refusal to execute an attorneys lien against possible future recovery under the settlement. It appears that Conner filed a bill in equity against debtor and Worcester in Frederick County Circuit Court for the purpose of rescinding his fee agreement with the attorneys. This is the proceeding that resulted in the disputed judgments.

A copy of the Final Decree of the circuit court was attached to Dean S. Worcester's response to debtor's objection to his proof of claim. Although the decree does not contain a complete narrative of the proceedings before the court, it appears from this document that hearing on Conner's bill was held June 22, 1994, at which time the court received evidence and heard argument. The court's decree held that Conner's attorneys, debtor and Worcester, were entitled to a total fee of $134,000.00 and that Conner was entitled to $117,085.94. Debtor was directed to remit this sum to Conner. The court awarded the apparent balance of the funds held by debtor, $134,000.00, as attorney fees to be divided equally between debtor and Worcester. Because, the decree stated, "it further appearing that Co-Respondent Sawyer has received funds sufficient to pay Co-Respondent Worcester the said . . . ($62,000.00) owing to him . . ." the court decreed that debtor "pay forthwith" to Worcester the sum of $62,000.00. As stated previously, debtor's factual summary cannot be fully reconciled with the circuit court decree.

Debtor argues that the circuit court had no subject matter jurisdiction to award the judgments against her. The circuit court "had no jurisdiction to adjudicate the legal rights of [Worcester] *inter se* in [the chancery cause] because Worcester had filed no Cross-Bill against [debtor], [debtor] had filed no Cross-Bill against Worcester, and the cause was not an

9

interpleader action." Other argument by debtor includes her assertion that the court had no jurisdiction because she and Worcester were not adverse parties in the cause before the court, and there was no "justiciable controversy as to their legal rights *inter se*." Moreover, the award to Worcester "contradicted Worcester's own assertions/admissions in his pleadings in the cause as to the nature of his claims of entitlement to compensation."

In sum, debtor contends Worcester's judgment is void because she and Worcester were not in an adverse posture in the case as they had not filed pleadings against each other. According to debtor, this was tantamount to a denial of her due process rights under the 14th Amendment of the U.S. Constitution. Almost as important appears to be debtor's belief that the amount of the circuit court's award to Worcester was not supported by evidence.

With respect to the judgment of $15,000.00 awarded by the circuit court to Preston Conner, no supporting documentation has been supplied. The only explanation for this judgment is in debtor's objection to the proof of claim of the Conner Estate, where she states that "Conner had not asserted any cause of action against either [Worcester or debtor] for rescission of his written attorneys fee agreement, and yet such relief was awarded by the Court."[7] Again, debtor's position is that the circuit court did not afford her right of due process guaranteed by the 14th Amendment.

Worcester and Conner have responded to debtor's assertion that the judgments are void. Most significantly, their counsel have advised the court that debtor's argument has been considered and rejected by other courts:

---

[7]As related above, debtor's factual statements in her brief seem to say that Conner had brought the bill in equity to rescind the attorney fee agreement. The Conner Estate's response to debtor's objection to its proof of claim stated that a copy of the decree was attached. However, no copy of a decree was attached to the response filed with the court.

> Sawyer never appealed the Final Decree and the Final Decree became a final binding order of the Court. Since that time, and continuing with the Objection filed herein, Sawyer has, for over ten years, continually attempted to escape the effect of the judgment by alleging the judgment was an <u>ultra vires</u> action of the Court, and accordingly, <u>void ab initio</u>. Sawyer's Objection is the reincarnation of an argument which has previously been raised and subsequently rejected by no less than six different courts including Virginia State Courts, the Virginia Supreme Court, the United States District Court for the Eastern District of Virginia, the Fourth Circuit Court of Appeals, and even the Supreme Court of the United States. In short, the Objection is wholly without merit and should, accordingly, be denied.[8]

Debtor has made no response or comment concerning the judgment creditors' statements that her due process argument has been considered and rejected by other courts. However, she did shed some additional light on the aftermath of the state litigation in her response to Worcester's motion to dismiss this bankruptcy case where she stated that she was disbarred in 1999 for refusing to comply with the state court's orders to pay the judgment awards to Worcester and Conner.

From the above, the court can only conclude that this case must be dismissed as a bad faith filing. There are several reasons.

First and foremost, debtor misconceives the purpose and limitations of chapter 13. She filed bankruptcy <u>solely</u> for an improper purpose, the resolution of a state law dispute between debtor and two judgment lien creditors. <u>Compare</u> <u>In re Herndon</u>, 218 B.R. 821 (Bankr. E.D.Va.1998). Those judgments were rendered in 1994. In the papers filed in this case, over ten years later, debtor has failed to persuade the court, either on the merits or otherwise, that this

---

[8]This statement is contained in each counsels' filed responses to debtor's objections to the proofs of claim.

dispute should be considered in the context of a bankruptcy case.[9] If the judgments are void, she should attack them in state court. For example, why did not she raise the issue in the litigation brought by the plaintiffs to subject debtor's real property to the liens?

The court might well ignore the merits of debtor's assertions given the age of the judgments and apparent fact that other courts have rejected her position. However, she raises interesting issues, and I have briefly considered her argument. Her basic position that a party is entitled to due process and that courts must have jurisdiction to render judgments are fundamental constitutional principles for which there can be no dispute. Debtor cites a number of cases that uphold these general principles. However, she cites not one case that considers a collateral attack on a judgment or that has facts remotely similar to those present in her case.

Assuming for the sake of argument that the Frederick County Circuit Court committed error in rendering judgment against debtor, the issue is whether the judgments are void or voidable. If merely voidable, they are not subject to collateral attack. The general rule is that "where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void and a judgment rendered by court of competent jurisdiction is not void merely because of irregularities or errors of law in connection therewith." Robertson v. Commonwealth, 181 Va. 520, 25 S.E.2d 352, 359 (1943). This general rule applies "when the court proceeds according to the established modes governing the class to which the case belongs, and does not transcend in the extent and character of its judgment or decree the law

---

[9]In the notice filed with her second amended plan, debtor does not propose to avoid the liens pursuant to any provision of the Bankruptcy Code. Also, the litigation of the avoidance issue under the grounds asserted would require debtor to file an adversary proceeding, which she has failed to do.

or statute which is applicable to it." Buchanan v. Buchanan, 170 Va. 458, 462, 197 S.E. 426, 427 (1938). See also 11A Michie's Jurisprudence of Virginia and West Virginia, Judgments and Decrees, §§ 140-145 (1997); 46 Am. Jur. 2d, Judgments, §§ 30-31 (2004); 47 Am. Jur. 2d, Judgments, §§ 916, 918 (2004).

It appears likely that Frederick County Circuit Court, sitting in equity, had jurisdiction over the attorney fee issues before it and the defendants. The court may have committed reversible error, but that is not a question to be decided by this court.

Because this court will not confirm a chapter 13 plan premised on collateral attack of the judgment creditors' claims, the case will be dismissed. Additionally, dismissal is appropriate under § 1307(c)(1) due to debtor's unreasonable delay. The case has been pending approximately eight months, and debtor has yet to file a confirmable plan. The case may also be dismissed under § 1307(c)(4) because of debtor's failure to timely commence plan payments as required by § 1326.

An order will be entered dismissing this case.[10]

SIGNED:

      /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copy to:

Ava Maureen Sawyer

---

[10] At hearing, debtor requested the court to allow her to convert to chapter 11 rather than have the case dismissed. However, her case would suffer from the same major infirmity in chapter 11.

4600 Owendale Road
Chester, Virginia 23831
*Pro se Debtor*

Robert E. Hyman, Esquire
Chapter 13 Trustee
P.O. Box 1780
Richmond, Virginia 23218-1780

Leander D. Barnhill, Esquire
Assistant United States Trustee
Office of the United States Trustee
600 East Main Street, Suite 301
Richmond, Virginia 23219

William H. Schwarzschild, Esquire
Williams Mullen
P.O. Box 1320
Richmond, Virginia 23218-1320
Counsel for Dean S. Worcester

J. David Griffin, Esquire
Fowler Griffin Coyne & Patton, P.C.
29 N. Braddock Street
Winchester, Virginia 22601
Counsel for The Estate of Preston E. Conner

Richard F. Stein, Esquire
Special Assistant United States Attorney
600 East Main Street, Suite 1601
Richmond, Virginia 23219-1601
Counsel for the Internal Revenue Service