IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NOV 2 5 2005
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

In re:                              )
                                    )      Chapter 13
AVA MAUREEN SAWYER,                 )
                                    )      Case No. 3:05CV644-HEH
    Debtor.                         )
                                    )      Bankruptcy Case No. 04-39378
AVA MAUREEN SAWYER,                 )
                                    )
    Appellant,                      )
                                    )
v.                                  )
                                    )
DEAN S. WORCESTER, et al.,          )
                                    )
    Appellees.                      )

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY Carolyn McCracken
DEPUTY CLERK

## MEMORANDUM OPINION
(Affirming the Bankruptcy Court)

THIS MATTER is before the Court on appeal of a Memorandum Opinion and various Orders of the United States Bankruptcy Court for the Eastern District of Virginia ("Bankruptcy Court"). Appellant has filed a memorandum of law in support of her position. Appellees have failed to submit a response. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process. Based on an extensive review of the record in this case and for the reasons set forth below, the Court will affirm the Memorandum Opinion and all Orders of the Bankruptcy Court.

### I. Standard of Review

On appeal, this Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

This Court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Hartford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). In cases where the issues present mixed questions of law and fact, the court will apply the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank*, 80 F.3d 895, 905 (4th Cir.1996).

## II. Findings of Fact

This Chapter 13 case was filed by Appellant Ava M. Sawyer ("Appellant" or "Debtor"), proceeding *pro se*, on October 7, 2004. Appellant subsequently filled a Chapter 13 plan on January 5, 2005. This was followed by amended schedules, statements and lists on January 20, 2005. Finally, Appellant filed her amended plan on February 2, 2005. The Appellees promptly filed their objections.

This case arises from the parties' legal representation of one Preston W. Conner, Sr. ("Connor") in 1990. Appellant and Appellee Worcester agreed to represent Connor on a contingency basis in a fraud suit for recision of a real estate contract. This litigation was settled for $695,000.00, of which Appellant received $134,176.53. Subsequent to this payment, the parties had a falling out resulting in Connor filing a bill in equity against the Appellant and Appellee Worcester in Frederick County Circuit Court in an attempt to rescind the fee agreement. At the time of the fee recision action, Appellant held approximately $251,085.94 of the earlier settlement proceeds. The court ruled that the lawyers were entitled to $134,000.00 and ordered Appellant to turn over half of this amount, $62,000.00 plus interest, to Appellee Worcester. The balance of the funds after this award amounted to $117,085.94, which the court ordered Appellant to forward to Connor. The court also ordered Appellant to pay Connor 8% interest on the $117,085.94 from July 29, 1992 until Appellant transferred the sum. When Appellant transferred the amount to Connor, the interest totaled approximately $15,000.00.

In the Bankruptcy Court, Appellant argued that these judgments were void *ab initio* because the state court had no subject matter jurisdiction. Specifically, Appellant contends that

2

because she and the Appellees were not adverse in state court, they had not filed pleadings against each other; thus, she claims the court's ruling was a denial of Appellant's due process rights under the Fourteenth Amendment of the United States Constitution.

The Bankruptcy Court was unimpressed with this argument and dismissed Appellant's case as a bad faith filing. Specifically, the Bankruptcy Court found that the Appellant filed bankruptcy for an improper purpose, namely the resolution of a state law dispute between Appellant and two (2) judgement lien creditors.

The Bankruptcy Court also noted that dismissal of the Appellants case was appropriate due to the Appellant's unreasonable delay in filing a confirmable bankruptcy plan pursuant to § 1307(c)(4), and the Appellant's failure to timely commence plan payments as required under § 1326.

Appellant now appeals this ruling, stating no less than ten (10) grounds on which the Bankruptcy Court erred. Appellant's claims, however, can be summarized as follows: (1) the Bankruptcy Court failed to provide Appellant reasonable notice and opportunity to be heard on the issue of bad faith; and (2) regardless of the due process issue, the Bankruptcy Court failed to make appropriate findings to justify a bad faith finding.[1] Appellant argues on appeal that the Bankruptcy Court's rulings were error because they "were predicated upon the Court's 'determinations' of facts and issues which no party to the cause had ever asserted or otherwise placed in controversy in the cause (and which the Court had never properly or otherwise raised in the proceedings either)." (Appellant's Appeal Br. at 8.) Moreover, Appellant alleges error by the Bankruptcy Court because a bad faith ruling "must be based upon findings of both *subjective* and *objective* bad faith" and "*only* under *VERY* aggravating circumstances." (*Id.* at 26, 28.)

---

[1] The Court will not address either the § 1307(c)(4) or § 1326 issues as there is ample evidence in the record supporting the Bankruptcy Court's finding of bad faith. It is sufficient to state that this Court can find no clear error in the record requiring a reversal of the Bankruptcy Court's determination that Appellant (1) committed unreasonable delay in filing a confirmable bankruptcy plan and (2) failed to timely commence plan payments.

3

### III. Analysis

After a review of the applicable statutes and cases, this Court is in agreement with the Bankruptcy Court's decision that the appellant's Chapter 13 plan, premised on a collateral attack of her judgment creditors' claims, was a bad faith filing. Furthermore, the Court finds no due process violation.

As a preliminary matter, the Court notes that Appellant's shallow brief in support of her appeal appears to confirm rather than refute the Bankruptcy Court's bad faith finding. While the Court recognizes that Appellant is acting *pro se*, she is not like the traditional *pro se* litigant who is wholly unfamiliar with legal proceedings. Rather, Appellant appears to be an experienced attorney who has represented clients in both transactional and litigation matters. Notwithstanding her legal experience, Appellant's brief in support of her appeal contains numerous grammatical and citation errors. Moreover, Appellant has failed to provide a *single* case to support any of her contentions. This fact is especially problematic considering the various unsupported legal conclusions contained in her brief. As was the case in the Bankruptcy Court, Appellant's brief "is an imposition on the court rather than assistance in resolving the issues." (Bankr. Mem. Op. at 8.)

### A.    Appellant's Due Process Argument

It is axiomatic that the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution both require an appropriate notice and opportunity to be heard before an adjudication deprives a party of life, liberty or property. *See, e.g.*, *Dusenbery v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 699 (2002); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493 (1985); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 1153 (1982); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 656–57 (1950); *Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 266 (4th Cir. 2005); *Tri County Paving, Inc. v. Ashe County*, 281 F.3d 430, 436 (4th Cir. 2002); *Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 634 (4th Cir. 1996).

Notice and opportunity to be heard is not, however, an absolute right. First, the complaining party must have been deprived of "something that fits into one of the three protected categories." *Mallette*, 91 F.3d at 634; *see also Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705 (1972). Second, the allegedly aggrieved person must have received less than the "minimal measure of procedural protection warranted under the circumstances." *Mallette*, 91 F.3d at 634; *see also Logan*, 455 U.S. at 428, 102 S. Ct. at 1153–54.

Within this framework, Appellant's due process rights have not been violated. Clearly, the dismissal of Appellant's bankruptcy filing neither deprived her of life nor liberty. The effect of the Bankruptcy Court's ruling merely deprives Appellant of the privilege of filing Chapter 13 bankruptcy. While Appellant may argue that the net effect of this dismissal results in her losing property, i.e. paying her creditors, this is not the type of property loss protected by the due process clause. Here, the only property Appellant must now relinquish is that which she already owes to creditors. Put another way, the only property loss on which Appellant could base a due process violation is property to which she has no entitlement; as such, Appellant has not suffered any loss of property within the meaning of the due process clause. *See Lyng v. Payne*, 476 U.S. 926, 942–43, 106 S. Ct. 2333, 2343 (1986); *Mandel v. Allen*, 81 F.3d 478, 480 (4th Cir. 1996).

Even assuming Appellant was deprived of some property protected by the due process clause, the record clearly indicates that Appellant had at least a minimal opportunity to be heard on the issue of bad faith. Appellant argues that the Bankruptcy Court failed to provide a separate hearing on the issue of bad faith. The Bankruptcy Court need not hold, however, a separate hearing before concluding a party filed its plan in bad faith if the pleadings and other evidence support such a ruling. *See Wharton v. I.R.S.*, 213 B.R. 464, 467 (Bankr. E.D. Va. 1997). Although there is no explicit good faith requirement for filing Chapter 13 bankruptcy, "generally, an implicit prerequisite to the right to file [a bankruptcy petition] is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal." *Carolin Corp. v. Miller*, 886 F.2d 693, 698 (4th Cir. 1982) (quotation marks and citations omitted). Here, the Bankruptcy

5

Court based its bad faith finding principally on Appellant's continued failure to present a confirmable Chapter 13 plan and her unsupported contention that two judgement creditors' claims were void *ab initio*. The Bankruptcy Court need not confirm a plan where the debtor (1) proposes it in bad faith or (2) cannot make *all* payments under the plan and to comply with the plan. *See* 11 U.S.C. § 1325(a)(3), (6). The Bankruptcy Court gave Appellant numerous opportunities over a period of several months to present a confirmable Chapter 13 plan—she did not. (*See* Apr. 20, 2005 Tr. at 13–16; Mar. 2, 2005 Tr. at 6–9; Feb. 16, 2005 Tr. at 8–11.) Specifically, all of Appellant's plans indicated that her monthly excess income fell short of the amount required to pay her creditors. (*See* Apr. 1, 2005 Plan at sched. J; Feb. 14, 2005 Plan at sched. J; Feb. 1, 2005 Plan at sched. J.) Based on Appellant's responses and inadequate bankruptcy plans, the Bankruptcy Court concluded that her sole reason for filing bankruptcy under Chapter 13 was attacking two (2) state court judgments. (Bankr. Mem. Op. at 11–13.) None of Appellant's amendments to her plans remedied this defect. Thus, the Court is of the opinion that the Bankruptcy Court provided Appellant with fair notice and reasonable opportunity for a hearing on the facts relevant to bad faith. In light of these circumstances, no separate hearing was necessary.

**B.     Appellant's Substantive Bad Faith Argument**

A bad faith determination in a bankruptcy proceeding is a finding of fact subject to review for clear error. *See Carolin Corp.*, 886 F.2d at 702. The burden of proving good faith lies with the debtor. *See Moroney*, 330 B.R. at 530; *In re Carpenter*, 318 B.R. 645, 648 (Bankr. E.D. Va. 2003).

The Chapter 13 bankruptcy statutes explicitly require good faith in the *proposal* of a plan. *See* 11 U.S.C. § 1325(a).[2] While there is no explicit statutory good faith requirement for

---

[2] 11 U.S.C. § 1325(a) provides, in relevant part,

(a) Except as provided in subsection (b), the court shall confirm a plan if—

6

the mere *filing* of a Chapter 13 case, courts have applied a good faith standard to filings under 11 U.S.C. § 1307(c), which allows a bankruptcy court to convert a Chapter 13 case to a Chapter 7 case or "dismiss [it] . . . in the best interests of creditors and the estate, for cause."[3] *See In re*

---

> . . .
> (3) the plan has been proposed in good faith and not by any means forbidden by law;
> (7) the action of the debtor in filing the petition was in good faith;
> . . . .

[3] 11 U.S.C. § 1307(c) provides,

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
  (1) unreasonable delay by the debtor that is prejudicial to creditors;
  (2) nonpayment of any fees and charges required under chapter 123 of title 28;
  (3) failure to file a plan timely under section 1321 of this title;
  (4) failure to commence making timely payments under section 1326 of this title;
  (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
  (6) material default by the debtor with respect to a term of a confirmed plan;
  (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
  (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
  (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;
  (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521; or
  (11) failure of the debtor to pay any domestic support obligation that first

7

*Kestell*, 99 F.3d 146, 148 (4th Cir. 1996); *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996); *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994); *In re Gier*, 986 F.2d 1326, 1329 (10th Cir. 1993); *Matter of Love*, 957 F.2d 1350 (7th Cir. 1992); *In re Moroney*, 330 B.R. 527, 531 (Bankr. E.D. Va. 2005); *In re Herndon*, 218 B.R. 821, 823–24 (Bankr. E.D. Va. 1998).

In *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982), the Fourth Circuit addressed the good faith standard required by 11 U.S.C. § 1325(a). Refusing to impose a comprehensive definition of good faith, the Fourth Circuit set the parameters of the good faith inquiry as whether, considering the totality of the circumstances, the debtor has abused the "provisions, purpose, or spirit of [Chapter 13] in the proposal or plan." *Id.* at 972 (citation omitted). The Fourth Circuit described the purpose of Chapter 13 as providing "a hope that debtors would pay if not in full at least a substantial portion of their unsecured debts." *Id.* at 971. In particular, the Court cited a portion of the legislative history:

> The purpose of Chapter 13 is to enable an individual, under court supervision, and protection, to develop and perform under a plan for the repayment of his debts over an extended period. In some cases the plan will call for full repayment. In others, it may offer creditors a percentage of their claims in full settlement.

*Id.* (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6079). To guide a bankruptcy court's good faith determination, the Fourth Circuit provided a non-exhaustive list of several relevant factors: "percentage of proposed repayment, . . . debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." *Id.* at 972. Although originally construed in the § 1325(a) context, this good faith analysis applies to both § 1325(a) and § 1307(c). *See Kestell*, 99 F.3d at 148; *Herndon*, 218 B.R. at 824.

In the case presently before the Court, there is ample evidence in the record to uphold the

---

becomes payable after the date of the filing of the petition.

8

Bankruptcy Court's ruling that Appellant filed her Chapter 13 case in bad faith. Appellant had numerous opportunities to provide the Bankruptcy Court with a confirmable plan. On each occasion, Appellant returned with an unconfirmable plan showing that her net monthly income fell below the required monthly plan payments. Appellant had about eight (8) months in which to file a confirmable plan, yet still failed to do so. Although a *pro se* litigant, under these facts the Court believes that Appellant, as an experienced attorney, was guilty of unreasonable delay. She gave no indication that she would actually file a confirmable plan. Rather, it appears that Appellant's sole reason for filing Chapter 13 bankruptcy was to attack two (2) state court judgments which are not subject to collateral attack. The critical premise, upon which Appellant's several plans depended, was that these two (2) judgments, rendered in 1994, were void *ab initio*. There is no basis in law or fact to support this contention. The Bankruptcy Court correctly held that this improper purpose constituted bad faith as it abuses the provisions, purpose, and spirit of Chapter 13. Appellant appears to have no genuine intention of repaying her debts. Her sole purpose in filing the bankruptcy action at issue was to avoid payment of the state court judgments.

The Court is therefore of the opinion that the Bankruptcy Court did not commit clear error in dismissing Appellant's case as a bad faith filing.

An appropriate Order will accompany this memorandum opinion.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Appellant and all counsel of record.

_/s/_
United States District Judge

Date: Nov. 22, 2005
Richmond, VA

9